**Susanto Budi PRAMONO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76799.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.[*]

Filed Oct. 24, 2008.

Albert C. Lum, Esquire, Law Offices of Albert C. Lum, Pasadena, CA, for Petitioner.

District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Melissa Lynn Neiman-Kelting, Mark Christopher Walters, Esquire, Annette Marie Wietecha, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Susanto Budi Pramono, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we dismiss in part and deny in part the petition for review.

The record does not compel the conclusion that Pramono has shown extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 208.4(a)(5). We dismiss Pramono's contention that he established changed circumstances due to changes in the law and changes in conditions in Indonesia because it is unexhausted. *See*

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

Substantial evidence supports the IJ's denial of withholding of removal because Pramono did not demonstrate past persecution. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004). Further, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Parmono has not demonstrated that it is more likely than not that he will be persecuted if returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). The record does not compel the conclusion that there is a pattern or practice of persecution against Christians in Indonesia. *See Lolong,* 484 F.3d at 1178–81.

Finally, substantial evidence supports the IJ's determination that Parmono is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.